[Sac. No. 4544. In Bank.—February 11, 1932.]

JOHN H. KIMBALL et al., Respondents, v. ANNIE F. SNYDER et al., Appellants.

Geo. A. Work for Appellants.

Louis Bartlett for Respondents.

SHENK, J.—This is an appeal from a judgment for the plaintiffs in an action to quiet title to real property in El Dorado County, comprising five parcels of improved and unimproved land aggregating about 42 acres and known as Lakeside Resort.

On the twelfth day of March, 1927, the plaintiffs were the owners of said Lakeside Resort. On that day they entered into a contract for the sale of said land and property to the defendants for a total purchase price of $30,500. The contract provided for payments of $5,000 on the first day of October, 1927, and on each first day of October thereafter until the full balance of the purchase price should be paid, with interest at seven per cent per annum, payable monthly. The defendants entered into possession and conducted the resort for three seasons, until about October, 1929, when they defaulted in the payment due on October 1st of that year to the extent of $4,500, the sum of $500 on this payment having previously been paid. The contract provided that in the event of the defendants' default in making payments and such default should continue for a period of sixty days after notice thereof in writing, then the plaintiffs might elect to declare all rights under the agreement forfeited by a notice in writing to that effect, and upon such notice all rights and obligations of the respective parties by virtue of said agreement should be forfeited and released and payments theretofore made should be retained by the plaintiffs as liquidated damages. Time was made the essence of the provision.

On October 2, 1929, the plaintiffs duly notified the defendants of their default and on December 4, 1929, the payment in the meantime not having been made, the plaintiffs notified the defendants of their election to declare all of the defendants' rights under the agreement forfeited. On December 5th the plaintiffs commenced this action to quiet their title to the property involved. Upon the trial the court made its findings in favor of the plaintiffs and judgment was entered accordingly.

The only question presented is whether the court erred in its conclusion that the defendants were not entitled to have their title quieted to certain designated portions of the unimproved parcels of the land involved. Paragraph 3 of the agreement provided that the plaintiffs would execute and deliver a good and sufficient deed to any portion of the unimproved land upon the payment of $400 per acre for parcel No. 3, $1200 per acre for the easterly half of parcel No. 4, $1,000 per acre for the westerly half of parcel No. 4, $500 per acre for parcel No. 5, and at the same rates for any fractional part of an acre. The contract also provided that all payments made by the defendants for the purpose of securing the delivery of deeds to parcels of said property pursuant to the provisions of paragraph 3 should be deemed also to be payments on account of the next succeeding installment or installments of the purchase price. Prior to their default the defendants had made payments on the principal aggregating $8,500. On the second day of the trial, and not before, the defendants served on the plaintiff a demand for a deed conveying to them certain designated portions of parcels 4 and 5, the value of which, computed pursuant to the provisions of paragraph 3 of the agreement, aggregated $8,250, and which sum the defendants in their demand stated had theretofore been paid to the plaintiffs upon the purchase price. The trial court found the facts herein stated and concluded that the rights of the defendants were forfeited and terminated on December 4, 1929, and that the defendants were not entitled to a deed to any of said land.

No contention is made that the notice of forfeiture was not duly given or was ineffectual to terminate the contract between the parties. The defendants contend, however, that their right to a deed became vested at the time or times when

any installments of the purchase price were paid, notwithstanding the demand therefor was not made until after default, and after notice of forfeiture as provided in the contract had been given. Among other cases the defendants rely on *San Diego Construction Co.* v. *Mannix*, 175 Cal. 548 [166 Pac. 325], and *Sacramento Suburban Fruit Lands* v. *Whaley*, 50 Cal. App. 125 [194 Pac. 1054]. In the former case the demand was made after payments on the purchase price had been made but before the parties making the demand were in default. The court there held that the effect of the language of the contract was not to declare that payment on account of one of the installments prior to its maturity was a condition precedent to the right to demand and receive a deed. The court at page 557 construed the language "as a mere directory provision for the application of payments and not as a statement of conditions which would deprive the buyer of the benefits of a deed for a lot after he had paid the specified amount therefor". In *Sacramento Suburban Fruit Lands* v. *Whaley, supra,* the tender and demand for release from the mortgage lien were made after default but before foreclosure proceedings had terminated the existence of the mortgage. The holding there was in effect the same as in *San Diego Construction Co.* v. *Mannix, supra,* the District Court of Appeal stating that the release clause did not specify a particular time when payments may be made.

We may assume that the holdings in these other cases cited and relied upon by the defendants are in accord with their position as to the construction to be placed on the language of the present contract in the determination of the question as to when the payments upon which the defendants base their demand for deeds may be made in order that they may exercise the right to elect to receive deeds for a portion of the unimproved lands. However, those cases would seem to be adverse to the defendants' position on the question whether that right could be exercised after the extinguishment of the contract by a declaration of forfeiture in accordance with its terms. The defendants specifically agreed that upon their default and notice thereof and declaration of forfeiture at the expiration of the sixty-day period following such notice, the plaintiffs "shall be released from all obligations in law or equity to

convey the above-described real property, or any part thereof'', to the defendants. In all the cases relied upon by the defendants the contract had not been terminated either pursuant to its terms or by judicial foreclosure when a similar right was exercised and the fruits thereof demanded or sought to be recovered. We must therefore conclude that, by reason of their default and the termination of the contract in accordance with its provisions, the defendants have been foreclosed of the rights which they are now seeking to exercise.

The judgment is affirmed.

Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.